Per curiam,
this case is like that of Smith and Si. Lawrence lately decided at Hillsborough ; the bund being in the possession of the endorser, is evidence prima facie, that he has paid the endorsee for it. Endorsers frequently bring suit upon bills endorsed by them, when the en-dorsee is refused payment, or cannot obtain it and returns the bill, receiving pajment of the endorser himself. The case in Show. 164, of Dickens v. Harriott, is very similar to the present—there a bill was drawn upon a person in Dublin, the payee endorsed to Dickens, and he to another, who demanded payment, and protested for non payment — Dickens then sued, and it was amongst other things objected, that the interest was vested in the- *245 last endorsee, as appeared by the endorsement — then merchants ''ere examined, who said, whenever the bill vs- retín ned into the'possession of the last endorser, he might maintain an artion. The court recited this case upon memory only, the book not being in court — and judgment in the present case was given to the Plaintiff.
Note. — Some of the bar seemed dissatisfied with this decision, as they were with that of Smith and St Lawrence a\ Hillsborough. The case oiled from Shower, says, above t-a enty rrurchants were examined, and affirmed that the Plaintiff had a right to the action, although he had endorsed to D. the bill being returned into his possession; but then the endorsement in that case was, pay to I). value on my account: perhaps this made 2). onh his servant or agent, in the same manner as if it had. bee;) pry to I), for my use. See 2 Burr. 1227.— Doug. 117, 639 The cjw of Smith and St. Lawrence was founded upon the case in Str. 1103. Where the court permitted the Plaintiff to strike out the endorsement, but >h::i was a blank endorsement only. It was also founded in part upon 1 Lut. 885, where the second endorser suppmted an action though there were two subsequent endorse.ments to his own appearing on the bill; but there he stated in his declaration, that the last endorsee not being able to procure pay-ment from the acceptor, he the Plaintiff, who was the second en--dorser, paid it to the last indorsee, and became again entitled to the bill. The payment was actually alledged and not denied. And in Claxton and Smith, 3 Mo. 86. 2 Show 441, 494, the payment seems to be relied on, as that which 'entitled the endorser to the action. Kidd. 75. Also the case in L. Ray. 742, 743, where tile last endorsee sued the second endorser, am! recovered ; whereupon til? second endorser sued the acceptor, and u.,or. the trial produced the bill and the protest; but because he produced no receipt for the money from the last endorsee he was nonsuited, and all the court concurred — that there must be payment to revest the property of the note, strength-eiis the opinion that payment is necessary The necessity of a payment to revest the properly of the note in the endorser, must be admitted ; -nd is not denied in the c-nr-s of Strong and Spear, Smith and St. Lawrence, and Dook and Caswell—the only point of difference between these cases, and those decided in the books, is this, that the-books require actual proof of payment by a receipl, or at least viva voce proof. These cases allow the possession of the endorser to be presumptive evidenc of payment — as the payee or endorsee of a bill is never obliged to pari with it until he has received payment from the endorser, which is a circumstance which renders the presumption very strong. Kidd 88. Beawes. 461.
Note.— Vide note to Dooh v. Caswell, ante 18,